# SUPREME JUDICIAL COURT

### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1838, AT LENOX.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE,
HON. SAMUEL S. WILDE,
HON. MARCUS MORTON,       } JUSTICES.
HON. CHARLES A. DEWEY,

## LEMUEL K. STRICKLAND, Administrator, *versus* DANIEL BARRETT *et al.*

After a mortgage of goods had been put on record, the mortgager, who remained .in possession, assigned the goods and aided the assignee in clandestinely removing them out of the State. In trover by the mortgagee against the assignee and one B, who at the request of the mortgager carried away a portion of the goods and delivered them to the assignee, it was *held*, that if B did not act in concert with the assignee, or with intent to deprive the plaintiff of his property, the mere removal of a portion of the goods, from one place to another, at the request of the mortgager, was not of itself a conversion, because the mortgager, having rightful possession, might lawfully direct such removal, if it was not done with an intent to injure the mortgagee and deprive him of his property ; or if the mortgager had such intent and was confederate vith the assignee, yet if B did not know it or assent to it, his act done at the req iest of the mortgager would not be a conversion.

TROVER, by the administrator of John Lester against Harvey Hill and Daniel Barrett, for a quantity of leather and hides. Trial before *Morton* J.

It appeared that the goods were in the tan-yard of William

Brown, and were removed therefrom by one or both of the defendants. The plaintiff made a demand of the goods, of Hill, in whose possession they were, but he refused to deliver them

The plaintiff claimed the goods by virtue of two mortgages made by Brown to Lester. Hill claimed them under an assignment made to him for the benefit of the creditors of Brown. The mortgages were recorded before the assignment was made. No possession was taken by Lester, but Brown remained in possession until the time of the assignment. The day after the assignment was made, Hill, in the night time, with many hands and teams, removed the goods into the State of New York. Brown was present and assisted in the removal.

Barrett, on the night of the removal of the goods, was with two teams returning from Hudson. When opposite the house of Brown, in which were lights at a very late hour, he stopped his teams and called. Brown requested him to carry two loads to Hillsdale in the State of New York; which he declined doing, but afterwards his teams were taken into the tan-yard and loaded with hides, and he returned with them to Hillsdale, and remained there until the loads were taken into the store of Hill.

Some question was made, whether the hides carried by Barrett were included in the mortgages.

The jury were instructed, that if Barrett entered into a confederacy or agreement with Hill to remove the goods in the yard, they ought to find him guilty, whether the hides taken by him were included in the mortgages or not; but that if he removed them at the request of Brown, who was then in possession, without any concert or agreement with Hill, they ought to find him not guilty, although the property taken by him was included in the mortgages.

The jury returned a verdict against Hill, and in favor of Barrett.

The plaintiff excepted to the foregoing instructions. If they were wrong, a new trial was to be granted; otherwise judgment was to be entered on the verdict.

*Sept* 18*th*.       *Porter* and *Sumner*, for the plaintiff.
       *Byington*, for the defendant.

*Per Curiam.* The Court are of opinion, that the instruction to the jury was right. The action was trover against the two defendants jointly ; and to charge them both it was necessary to prove a joint conversion. If therefore the defendant Barrett was liable at all, it was not merely for that part of the goods, carried by his own teams, but for the goods removed generally. If he was so liable, it was because he had confederated with Hill to enable him to withdraw goods, to which the plaintiff had title ; upon the principle, that where two or more unite to do a tortious act, all are principals and jointly liable. If he was brought within this principle, by proof of a confederacy with Hill, then Hill's conversion was his conversion ; if he was not confederate with Hill, then as upon the state of the proof he had not taken any of the goods into his own possession, or actually converted them, he was not liable as on a joint conversion, for the goods actually removed by Hill.

As to the other point, if Barrett did not act in concert with Hill, or with any intent to deprive the plaintiff of his property, then the mere removal of a portion of it, from one place to another, at the request of Brown, was not of itself a conversion, because Brown, as mortgager in possession, had a right of possession, and might lawfully direct such removal, if it was not done with intent to injure the mortgagee and deprive him of his property. If Brown had such an intent and was confederate with Hill, yet if Barrett did not know it or assent to it, then his act done at the request of Brown, would not be a conversion.

*Judgment on the verdict.*